IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-763-JPG |
| ) | |
| AFTON CHEMICAL CORPORATION, ) | |
| ALLIED WASTE INDUSTRIES, INC., ) | |
| A.O. SMITH CORPORATION, ) | |
| BARRY-WEHMILLER COMPANIES, INC., ) | |
| BASF CORPORATION, ) | |
| BFI WASTE SYSTEMS OF NORTH ) | |
| AMERICA, INC., ) | |
| BLUE TEE CORP., ) | |
| CYPRUS AMAX MINERALS COMPANY, ) | |
| THE DOW CHEMICAL COMPANY, ) | |
| EAGLE MARINE INDUSTRIES, INC., ) | |
| EXXON MOBIL CORPORATION, ) | |
| FLINT GROUP INCORPORATED, ) | |
| FRU-CON CONSTRUCTION ) | |
| CORPORATION, ) | |
| THE GLIDDEN COMPANY, ) | |
| MALLINCKRODT INC., ) | |
| MERCK & CO., INC., ) | |
| PHARMACIA CORPORATION, ) | |
| THE PROCTER & GAMBLE COMPANY, ) | |
| THE PROCTER & GAMBLE ) | |
| MANUFACTURING COMPANY, ) | |
| SERVICE AMERICA CORPORATION, ) | |
| UNION CARBIDE CORPORATION, ) | |
| ESTATE OF PAUL SAUGET, and ) | |
| DIANE HACKETT, IN HER CAPACITY AS ) | |
| THE PERSONAL REPRESENTATIVE ) | |
| AND EXECUTOR OF THE ESTATE ) | |
| OF PAUL SAUGET, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **COMPLAINT**

The United States of America, by and through the undersigned attorneys, by the authority of

the Attorney General of the United States, and on behalf of the Administrator of the United States

Environmental Protection Agency ("EPA"), alleges as follows:

**Nature of the Action**

1.       This is a civil action brought pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). The United States seeks to recover response costs it has incurred in connection with a removal action ("Removal Action") at Sauget Area 2, Southern Site Q (the "Site"), in Cahokia, St. Clair County, Illinois.  (The area defined as the "Site" for purposes of this Complaint is shown as the "Area of Interest" on the map attached hereto.)  In addition, United States seeks a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), that the Defendants are liable for any further response costs relating to the Removal Action.

**Jurisdiction and Venue**

2.       This Court has jurisdiction over the parties to this action and the subject matter thereof pursuant to 42 U.S.C. §§ 9607(a) and 9613(b) and 28 U.S.C. §§ 1331 and 1345.

3.       Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) and (c), because the claims arose, and the actual and threatened releases of hazardous substances from the Site occurred, in this district.

**Defendants**

4.       Each of the following Defendants is a corporation organized under the laws of the State of Delaware:  Afton Chemical Corporation ("Afton Chemical"); A.O. Smith Corporation ("A.O. Smith"); BASF Corporation ("BASF"); Blue Tee Corp. ("Blue Tee"); Cyprus Amax Minerals Company ("Cyprus Amax"); The Dow Chemical Company ("Dow Chemical"); The Glidden Company ("Glidden"); Mallinckrodt Inc. ("Mallinckrodt"); Pharmacia Corporation ("Pharmacia"); and Service America Corporation ("Service America").

5.       Defendant BFI Waste Systems of North America, Inc. ("BFI") is a private subsidiary of Defendant Allied Waste Industries, Inc. ("Allied Waste"), which is a corporation organized under the laws of the State of Delaware.

6.      Defendant Flint Group Incorporated ("Flint Group") is a corporation organized under the laws of the State of Michigan.

7.      Each of the following Defendants is a corporation organized under the laws of the State of Missouri:  Barry-Wehmiller Companies, Inc. ("Barry-Wehmiller"); Eagle Marine Industries, Inc. ("Eagle Marine"); and Fru-Con Construction Corporation ("Fru-Con").

8.      Each of the following Defendants is a corporation organized under the laws of the State of New Jersey:  Exxon Mobil Corporation ("Exxon Mobil") and Merck & Co., Inc. ("Merck").

9.      Defendant Union Carbide Corporation ("Union Carbide") is a corporation organized under the laws of the State of New York.

10.     Each of the following Defendants is a corporation organized under the laws of the State of Ohio:  The Procter & Gamble Company ("Procter & Gamble") and The Procter & Gamble Manufacturing Company ("Procter & Gamble Manufacturing").

11.     Defendant Estate of Paul Sauget (the "Estate") is the estate of decedent Paul Sauget and is the subject of Probate No. 04-P-389 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

12.     Defendant Diane Hackett ("Ms. Hackett") is the personal representative and executor of the Estate and is a resident of the State of Illinois.

## The Site

13.     From approximately 1966 to 1970, Milam Corporation (now defunct) operated a landfill at the Site and accepted wastes from local industries and other sources.

14.     From approximately 1972 to 1973, Sauget & Company (also defunct) and Paul Sauget operated a landfill at the Site and accepted wastes from local industries and other sources.

15.     Wastes disposed at the Site included chemical and industrial wastes, salvage material, and construction debris.

16.     Soil samples collected at the Site have revealed elevated levels of substances including, but not limited to, volatile organic compounds ("VOCs"), semi-volatile organic compounds ("SVOCs"),

3

heavy metals, and polychlorinated biphenyls ("PCBs").  Groundwater samples collected at the Site have revealed elevated levels of VOCs, SVOCs, and metals.

17.    In 1999 and 2000, EPA performed a removal action at the Site ("Removal Action"), with and through its contractors.  The removal activities included, *inter alia*, sampling soil as well as exposed and buried drums; excavating more than 3,700 drums and 17,000 tons of contaminated soil; and backfilling and covering the Site with a temporary soil cover.

18.    EPA has incurred, and continues to incur, substantial costs in connection with the Removal Action, including costs related to enforcement.  As of May 31, 2006, EPA costs related to the Removal Action totaled $3,383,914.82.

19.    The United States Department of Justice ("DOJ") has incurred, and continues to incur, enforcement costs in connection with the Removal Action.  As of March 18, 2006, DOJ enforcement costs related to the Removal Action totaled $127,120.50.

20.    To date, none of the Defendants has reimbursed the United States for any of the aforementioned costs.

## General Elements of CERCLA Liability

21.    CERCLA Section 107(a), 42 U.S.C. § 9607(a), provides, in pertinent part, that the following persons are liable for "response costs" which are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300, and which are incurred by the United States as a result of a "release" or threatened release of "hazardous substances" from a "facility":

> (1) the [current] owner or operator of . . . [the] facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated [the] facility . . . ,
>
> (3) any person who . . . arranged for disposal or treatment [at the facility], or arranged with a transporter for transport for disposal or treatment [at the facility], of hazardous substances owned or possessed by such person . . . , and
>
> (4) any person who . . . accepted any hazardous substances for transport to [the facility] . . . .

42 U.S.C. § 9607(a).

22.     The Site is a "facility" within the meaning and scope of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

23.     Soil and groundwater at the Site contain "hazardous substances" within the meaning and scope of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

24.     There have been actual and threatened "releases" of hazardous substances from the Site, within the meaning and scope of CERCLA Sections 101(22) and 107(a), 42 U.S.C. §§ 9601(22) and 9607(a).

25.     The actual and threatened releases of hazardous substances from the Site have caused the United States to incur "response costs" within the meaning and scope of CERCLA Sections 101(25) and 107(a), 42 U.S.C. §§ 9601(25) and 9607(a).

26.     The Removal Action was not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

27.     Each of the Defendants is a "person" within the meaning and scope of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

### The Estate and Ms. Hackett

28.     The allegations in the preceding paragraphs are incorporated herein by reference.

29.     From approximately 1957 to 1973, Paul Sauget and Sauget & Company operated a landfill in the vicinity of the area shown on the attached map as Site Q.  This landfilling activity began north of the "Area of Interest" on the map (*i.e.*, the area defined as the "Site" in this Complaint) and moved southward over time, occurring within the Site from approximately 1972 to 1973.

30.     While conducting landfilling operations at the Site, Paul Sauget and Sauget & Company disposed of waste there including but not limited to chemical and industrial wastes, salvage material, and construction debris.  Such wastes contained substances including but not limited to VOCs, SVOCs, metals, and PCBs.

31.     At all times relevant to this Complaint, Paul Sauget was an officer, director, and the

primary owner of Sauget & Company, a corporation organized under the laws of the State of Delaware. The State of Illinois revoked Sauget & Company's corporate charter and authorization to conduct business in Illinois in 1973.  Thereafter, Paul Sauget continued to engage in business in Illinois under the name of Sauget & Company, including the business of operating the Site as a landfill.

32.     Paul Sauget exercised control over Sauget & Company disposal operations and was directly, personally involved in operating the Site as a landfill.

33.     Paul Sauget operated the Site at the time hazardous substances were disposed there, within the meaning and scope of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

34.     Paul Sauget died on May 11, 2004.

35.     Upon the death of Paul Sauget, the Estate became legally responsible for his debts and liabilities.

36.     Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Estate and Ms. Hackett, in her capacity as the executor and personal representative of the Estate, are jointly and severally liable to the United States, along with the other Defendants, for all response costs incurred by the United States in connection with the Removal Action.

**Other Defendants**

37.     The allegations in the foregoing paragraphs are incorporated herein by reference.

38.     Defendant Eagle Marine is the current owner of the Site, within the meaning and scope of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1).

39.     The following Defendants (or their predecessors) arranged for disposal of hazardous substances at the Site, or arranged with a transporter for disposal of hazardous substances at the Site, within the meaning and scope of CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3):  Afton Chemical, A.O. Smith, Barry-Wehmiller, BASF, Blue Tee, Cyprus Amax, Dow Chemical, Exxon Mobil, Flint Group, Glidden, Mallinckrodt, Merck, Pharmacia, Procter & Gamble, Procter & Gamble Manufacturing, and Union Carbide.

40.     Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants referenced

6

in the preceding paragraph are jointly and severally liable to the United States, along with the other Defendants, for all response costs incurred by the United States in connection with the Removal Action.

41.     The following Defendants (or their predecessors) accepted hazardous substances for transport to the Site, within the meaning and scope of CERCLA Section 107(a)(4):  Allied Waste, BFI, Fru-Con, and Service America.

42.     Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendants referenced in the preceding paragraph are jointly and severally liable to the United States, along with the other Defendants, for all response costs incurred by the United States in connection with the Removal Action.

### First Claim for Relief

43.     The allegations in the foregoing paragraphs are incorporated herein by reference.

44.     Each of the Defendants is jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all response costs incurred by the United States in connection with the Removal Action, including (without limitation) pre-judgment interest.

### Second Claim for Relief

45.     The allegations in the foregoing paragraphs are incorporated herein by reference.

46.     Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment, binding on any subsequent action to recover further response costs relating to the Removal Action, that the Defendants are liable for such costs.

### Prayer for Relief

WHEREFORE, the United States respectfully requests that this Court:

A.     Award the United States a judgment against the Defendants, jointly and severally, for all response costs incurred by the United States in connection with the Removal Action, including pre-judgment interest;

B.     Enter a declaratory judgment, binding on any subsequent action to recover further response costs relating to the Removal Action, that the Defendants are liable for such costs; and

C.     Grant other relief as the Court deems just and proper.

Dated:  October 2, 2006                          Respectfully submitted,

                                                 SUE ELLEN WOOLDRIDGE
                                                 Assistant Attorney General
                                                 Environment and Natural Resources Division
                                                 United States Department of Justice


                                                 W. BENJAMIN FISHEROW
                                                 Deputy Chief
                                                 Environmental Enforcement Section
                                                 Environment and Natural Resources Division
                                                 United States Department of Justice


                                                 KEVIN LYSKOWSKI
                                                 Trial Attorney
                                                 Environmental Enforcement Section
                                                 Environment and Natural Resources Division
                                                 United States Department of Justice
                                                 P.O. Box 7611
                                                 Washington, DC  20044
                                                 (202) 514-5415


                                                 RANDY G. MASSEY
                                                 United States Attorney
                                                 Southern District of Illinois


*Of Counsel:*                                    WILLIAM E. COONAN
Thomas J. Martin                                 Assistant United States Attorney
United States Environmental Protection           Southern District of Illinois
     Agency, Region 5                            9 Executive Drive
77 West Jackson Boulevard                        Fairview Heights, IL  62208
Chicago, IL  60604                               (618) 628-3700
(312) 886-4273

8

## Map of the Site

