IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

FEB 19 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2006-cv-00763-GPM-PMF |
| AFTON CHEMICAL CORPORATION, ET AL., | ) |
| Defendants. | ) |

**<u>PARTIAL CONSENT DECREE</u>**

## TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
V.      STIPULATED JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
VI.     PAYMENT OF RESPONSE COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
VII.    FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . . . . . . . . 7
VIII.   CERTIFICATIONS BY THE ESTATE SETTLING DEFENDANTS . . . . . . . . . . . 9
IX.     COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
X.      RESERVATION OF RIGHTS BY THE UNITED STATES . . . . . . . . . . . . . . . . . 10
XI.     COVENANT NOT TO SUE BY THE ESTATE SETTLING DEFENDANTS . . . 12
XII.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . . . . . . . . . . 12
XIII.   ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
XIV.    RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
XV.     NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
XVI.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
XVII.   INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
XVIII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . . . . . . . 18
XIX.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
XX.     FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# I. **BACKGROUND**

A.   On October 4, 2006, the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), initiated this case by filing a complaint ("Complaint") against 23 Defendants ("Defendants"). Pursuant to the Complaint, the United States has alleged that the Defendants are jointly and severally liable under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for approximately $3.5 million in response costs incurred by the United States in connection with a removal action ("Removal Action") at Sauget Area 2, Southern Site Q ("the Site") in Cahokia, St. Clair County, Illinois.

B.   On January 30, 2007, the Court approved and entered a Consent Decree between the United States and 21 of the 23 Defendants (the "Settling Defendants"), pursuant to which the Settling Defendants paid $2,601,594.20 into a Court Registry Account, and that amount, plus accrued interest, was subsequently released by the Court to the United States.

C.   This Partial Consent Decree ("Consent Decree") is entered into by the remaining two defendants in this case (the "Estate Settling Defendants"), who do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

D.   The United States has reviewed the Financial Information submitted by the Estate Settling Defendants to determine whether the Estate Settling Defendants are financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, the United States has determined that the Estate Settling Defendants are able to pay the amounts specified in Section VI.

E.   The United States and the Estate Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good

faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607(a) and 9613(b). This Court also has personal jurisdiction over the Estate Settling Defendants. The Estate Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. **PARTIES BOUND**

2. This Consent Decree applies to and is binding upon the United States and upon the Estate Settling Defendants and their heirs, successors, and assigns. Any change in legal status, including but not limited to any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Estate Settling Defendants under this Consent Decree.

## IV. **DEFINITIONS**

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto, the following definitions shall apply:

a. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent

2

Decree shall control.

b.    "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

c.    "DOJ" shall mean the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

d.    "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities of the United States.

e.    "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by 26 U.S.C. § 9507.

f.    "Estate Settling Defendants" shall mean (1) Defendant Estate of Paul Sauget and (2) Defendant Diane Hackett, not personally but only in her capacity as the executor and personal representative of the Estate of Paul Sauget.

g.    "Financial Information" shall mean those financial documents identified in Appendix B.

h.    "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

i.    "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

3

j.    "Parties" shall mean the United States and the Settling Defendants.

k.    "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that (1) EPA has paid in connection with the Removal Action through May 31, 2006, plus accrued Interest on all such costs through such date; and (2) DOJ on behalf of EPA has paid in connection with the Removal Action through March 18, 2006, plus accrued Interest on all such costs through such date. "Past Response Costs" do not include costs incurred by EPA, or by DOJ on behalf of EPA, in connection with (1) the Sauget Area 2 Administrative Order on Consent approved by EPA on or about November 24, 2000; or (2) the Sauget Area 2 Unilateral Administrative Order issued by EPA on or about October 3, 2002.

l.    "Plaintiff" shall mean the United States.

m.    "RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. § 6901 *et seq.* (aka the Resource Conservation and Recovery Act).

n.    "Removal Action" shall mean the removal action described in the Draft Federal On-Scene Coordinator's Report For Area 2 Site Q dated July 31, 2000 (aka the "Final OSC Report").

o.    "SA2SG Parties" shall mean the parties who have signed the SA2SG Amended and Restated Participation Agreement.

p.    "Site" shall mean Sauget Area 2, Southern Site Q.  Site Q encompasses approximately 90 acres, located in St. Clair County, Illinois.  Southern Site Q is shown as the "Area of Interest" on the map attached as Appendix A.

q.    "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities.

4

## V. **STIPULATED JUDGMENT**

4.    The Estate Settling Defendants stipulate that judgment is hereby entered against them on the United States' claims, as set forth in the Complaint, in the amount of $351,000. The Estate Settling Defendants shall not be liable for, and the United States agrees not to seek execution of, the foregoing stipulated judgment except as provided in this Consent Decree.

## VI. **PAYMENT OF RESPONSE COSTS**

Payment within 30 Days of Entry of Consent Decree

5.    In partial satisfaction of the judgment entered pursuant to Paragraph 4, the Estate Settling Defendants shall, within 30 days of entry of this Consent Decree, pay $1.00 to the United States, plus an additional sum for Interest on that amount ($1.00) calculated from May 31, 2006 through the date of payment.

6.    Payment pursuant to Paragraph 5 shall be made by a certified or cashier's check which is made payable to "U.S. Department of Justice" and which references EPA Region and Site/Spill Identification Number 05 58, DOJ case number 90-11-2-06089/1, and the title and case number of this civil action. The Estate Settling Defendants shall send the check to:  Financial Litigation Unit, Office of the United States Attorney, Southern District of Illinois, Nine Executive Drive, Fairview Heights, IL 62208.

7.    At the time of payment pursuant to Paragraph 5, the Estate Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XV.

8.    The total amount to be paid by the Estate Settling Defendants pursuant to Paragraph 5 shall be deposited by EPA in the Sauget Area 2 Special Account within the EPA Hazardous Substance Superfund and shall be retained and used to conduct or finance response actions at or

5

in connection with Sauget Area 2, or shall be transferred by EPA to the EPA Hazardous Substance Superfund.

Recovery and Payment of Insurance Proceeds

9.   The Estate Settling Defendants shall, prior to the tolling of any applicable statute of limitation, pursue, in good faith and to final judgment or settlement, any cause of action that has been asserted, or that may be asserted, by the Estate Settling Defendants against any insurance carrier for indemnification of their liability to the United States for Past Response Costs ("Insurance Claims").

10.   Within five business days of the resolution of any Insurance Claims, or any part of such Claims, whether by judgment or settlement, the Estate Settling Defendants shall provide notice of such resolution to EPA and DOJ by overnight mail directed to the addresses specified in Section XV, together with documentation regarding (1) the amount of any monies ("Insurance Proceeds") to be paid by the insurance carrier(s) as a result of the resolution of the Insurance Claims, and (2) any reasonable attorneys' fees or expenses ("Expenses") incurred after the date the Estate Settling Defendants sign this Consent Decree in order to secure the Insurance Proceeds. Expenses as defined in this Consent Decree do not include attorneys' fees or expenses incurred in connection with the Estate Settling Defendants' defense or settlement of the claims brought in this action by the United States.

11.   Within 10 days of receipt of any Insurance Proceeds, the Estate Settling Defendants shall remit 95% of the Insurance Proceeds, after deduction of permissible Expenses, to the United States, except to the extent that any Insurance Proceeds are received before entry of this Consent Decree, in which case the share due to the United States after Expenses shall be paid to the United

States within 30 days of entry of the Consent Decree. Insurance Proceeds shall be paid to the United States pursuant to this Paragraph up to the amount of the stipulated judgment set forth in Paragraph 4.

12. To the extent any payment pursuant to Paragraph 11 is below $10,000, payment shall be made in accordance with the instructions in Paragraph 6. To the extent any payment pursuant to Paragraph 11 is $10,000 or higher, payment shall be made via FedWire Electronic Funds Transfer in accordance with instructions to be provided to the Estate Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Illinois following lodging of this Consent Decree. Any payment received after 4:00 p.m. Eastern Time shall be credited on the next business day.

13. At the time of any payments pursuant to Paragraph 11, the Estate Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XV.

14. Any amounts paid by the Estate Settling Defendants pursuant to Paragraph 11 shall be deposited by EPA in the Sauget Area 2 Special Account within the EPA Hazardous Substance Superfund and shall be retained and used to conduct or finance response actions at or in connection with Sauget Area 2, or shall be transferred by EPA to the EPA Hazardous Substance Superfund.

## VII. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

15. <u>Interest on Late Payments</u>. If the Estate Settling Defendants fail to make payment under Section VI by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

16. <u>Stipulated Penalty</u>

7

a.   If any amount due under Section VI is not paid by the required date, the Estate Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 15, $1,000.00 per violation per day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site/Spill Identification Number 05 58, DOJ Case Number 90-11-2-06089/1, and the title and case number of this civil action.  The check (and any accompanying letter) shall be sent to EPA Region 5, Attention: Program Accounting and Analysis Section, P.O. Box 70753, Chicago, Illinois 60673.

d.   Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified the Estate Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

17. If the United States brings an action to enforce this Consent Decree, the Estate Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

18. Payments made under this Section shall be in addition to any other remedies or

8

sanctions available to Plaintiff by virtue of the Estate Settling Defendants' failure to comply with the requirements of this Consent Decree.

19.  Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse the Estate Settling Defendants from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII.  CERTIFICATIONS BY THE ESTATE SETTLING DEFENDANTS

20.  The Estate Settling Defendants hereby certify that, to the best of their knowledge and belief, after thorough inquiry, they have:

a.  not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, reports, or other information relating to their potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site, and that they have fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

b.  submitted to the United States Financial Information that fairly, accurately, and materially sets forth the financial history and circumstances of the Estate of Paul Sauget, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time the Estate Settling Defendants execute this Consent Decree.

## IX.  COVENANT NOT TO SUE BY PLAINTIFF

9

21. Except as specifically provided in Section X, the United States covenants not to sue or to take administrative action against the Estate Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant shall take effect upon the United States' receipt of the payment required by Paragraph 5. This covenant not to sue extends only to the Estate Settling Defendants and does not extend to any other person. This covenant not to sue is conditioned upon the satisfactory performance by the Estate Settling Defendants of their obligations under this Consent Decree. This covenant not to sue is also conditioned upon the veracity and completeness of the Financial Information provided to the United States by the Estate Settling Defendants.

## X. **RESERVATION OF RIGHTS BY UNITED STATES**

22. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Estate Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 21. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against the Estate Settling Defendants with respect to:

      a.   liability for failure of the Estate Settling Defendants to meet a requirement of this Consent Decree;

      b.   criminal liability;

      c.   liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      d.   liability, based upon the Estate Settling Defendants' ownership or operation of the Site, or upon the Estate Settling Defendants' transportation, treatment, storage, or disposal,

or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or solid waste at or in connection with the Site, after signature of this Consent Decree by the Estate Settling Defendants; and

        e.    liability arising from the past, present, or future disposal, release, or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

23. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if, within 10 years of the entry of this Consent Decree, the United States determines that the Financial Information provided by the Estate Settling Defendants is, in any material respect, false, incomplete, or inaccurate as of the date of entry of this Consent Decree. Any misrepresentation, misstatement, or material omission by the Estate Settling Defendants in the certifications made in Paragraph 20, upon written notice by the United States to the Estate Settling Defendants, renders the covenant not to sue and the contribution protection provided by this Consent Decree null and void, and the Estate Settling Defendants shall forfeit all payments made pursuant to this Consent Decree. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from the Estate Settling Defendants' false, incomplete, or inaccurate information. Following the voiding of any covenant not to sue pursuant to this Paragraph, in any action brought by the United States against the Estate Settling Defendants, the Estate Settling Defendants shall not raise any defenses based in whole or in part on the time elapsed between the entry of this Consent Decree and the commencement of such action by the United States, including but not limited to defenses based

11

upon any statute of limitations, laches, waiver, estoppel, or lack of jurisdiction.

## XI.  COVENANT NOT TO SUE BY THE ESTATE SETTLING DEFENDANTS

24.  The Estate Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site or this Consent Decree, including but not limited to:

      a.   any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.   any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.   any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Site.

25.  Except as provided in Paragraph 30, the covenants not to sue set forth in Paragraph 24 shall not apply in the event the United States brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 22(c) - (e), but only to the extent that the Estate Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

26.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

12

27.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law.  The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

28.  The Parties agree, and by entering this Consent Decree this Court finds, that the Estate Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree (*i.e.*, Past Response Costs), except that this Paragraph shall not be construed to preclude or enjoin any contribution actions or claims by any of the SA2SG Parties against any of the Estate Settling Defendants for "matters addressed" in this Consent Decree.

29.  The Estate Settling Defendants agree that, with respect to any suit or claim brought by them for matters related to this Consent Decree, they will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  The Estate Settling Defendants also agree that, with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree, they will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon them.  In addition, the Estate Settling Defendants shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this

13

Consent Decree.

30.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, the Estate Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata,* collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section IX.

### XIII.  ACCESS TO INFORMATION

31.  The Estate Settling Defendants shall provide to EPA, upon request, copies of all records, reports, or information (hereinafter referred to as "records") within their possession or control or that of their contractors or agents relating to activities at the Site, including but not limited to sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

32.  Confidential Business Information and Privileged Documents.

a.  The Estate Settling Defendants may assert business confidentiality claims covering part or all of the records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies records when they are submitted to EPA, or if EPA has notified the Estate Settling Defendants that

14

the records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to the Estate Settling Defendants.

      b.   The Estate Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Estate Settling Defendants assert such a privilege in lieu of providing records, they shall provide Plaintiff with the following:  (1) the title of the record; (2) the date of the record; (3) the name and title of the author of the record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the record; and (6) the privilege asserted.  However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

    33.  No claim of confidentiality shall be made with respect to any data, including but not limited to all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other records evidencing conditions at or around the Site.

## XIV.  RETENTION OF RECORDS

    34.  Until 10 years after the entry of this Consent Decree, the Estate Settling Defendants shall preserve and retain all records now in their possession or control, or which come into their possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any retention policy to the contrary.

    35.  After the conclusion of the document retention period in the preceding Paragraph, the Estate Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of

15

any such records, and, upon request by EPA or DOJ, the Estate Settling Defendants shall deliver any such records to EPA.  The Estate Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Estate Settling Defendants assert such a privilege, they shall provide Plaintiff with the following:  (1) the title of the record; (2) the date of the record; (3) the name and title of the author of the record; (4) the name and title of each addressee and recipient; (5) a description of the subject of the record; and (6) the privilege asserted.  However, no records created or generated pursuant to the requirements of this or any other settlement with the United States shall be withheld on the grounds that they are privileged.

## XV.  NOTICES AND SUBMISSIONS

36.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and the Estate Settling Defendants, respectively.

As to the United States and/or DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044
Re:  DJ # 90-11-2-06089/1

16

As to EPA:

Thomas J. Martin
Associate Regional Counsel
Office of Regional Counsel (C-14J)
United States Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL  60604

Ross DelRosario
Remedial Project Manager
Superfund Division (SR-6J)
United States Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL  60604

Darius Taylor
Financial Specialist
Financial Management Division (MF-10J)
United States Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL  60604

As to the Estate Settling Defendants:

Frederick S. Mueller
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL  60603

Alan L. Stefaniak
Dimonte & Lizak, LLC
216 Higgins Road
Park Ridge, IL  60068

## XVI.  **RETENTION OF JURISDICTION**

37.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and

enforcing the terms of this Consent Decree.

## XVII.  **INTEGRATION/APPENDICES**

38.  This Consent Decree and its appendices constitute the final, complete, and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

39.  The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a map of the Site, and "Appendix B" is the list of financial documents submitted to the United States by the Estate Settling Defendants.

## XVIII.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

40.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate improper, or inadequate. The Estate Settling Defendants consent to the entry of this Consent Decree without further notice.

41.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party, and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XIX.  **SIGNATORIES/SERVICE**

42.  Each undersigned representative of the Estate Settling Defendants to this Consent Decree and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice, certifies that he or she is authorized to

enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

43. The Estate Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified the Estate Settling Defendants in writing that it no longer supports entry of the Consent Decree.

44. The Estate Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree. The Estate Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.

## XX.  **FINAL JUDGMENT**

45. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and the Estate Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

SO ORDERED THIS _19th_ DAY OF _Feb._ , 20_08_.

G. PATRICK MURPHY
United States District Judge

19

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. Afton Chemical Corporation, et al.*, Case No. 2006-cv-00763-GPM-PMF (S.D. Ill.).

FOR THE UNITED STATES OF AMERICA:

Date: 1/8/08

W. BENJAMIN FISHEROW
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

KEVIN LYSKOWSKI
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-5415

20

On behalf of the United States of America, the undersigned agree to this Consent Decree in the matter of *United States v. Afton Chemical Corporation, et al.*, Case No. 2006-cv-00763-GPM-PMF (S.D. Ill.).

Date: 1/10/08

A. COURTNEY COX
United States Attorney
Southern District of Illinois

WILLIAM E. COONAN
Assistant United States Attorney
Southern District of Illinois
9 Executive Drive
Fairview Heights, IL  62208
(618) 628-3700

21

On behalf of the United States Environmental Protection Agency, the undersigned agree to this Consent Decree in the matter of *United States v. Afton Chemical Corporation, et al.,* Case No. 2006-cv-00763-GPM-PMF (S.D. Ill.).

Date: 1-16-08

RICHARD C. KARL
Director, Superfund Division
United States Environmental Protection Agency
Region 5

THOMAS J. MARTIN
Associate Regional Counsel
Office of Regional Counsel (C-14J)
United States Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL  60604
(312) 886-4273

22

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. Afton Chemical Corporation, et al.*, Case No. 2006-cv-00763-GPM-PMF (S.D. Ill.).

FOR DEFENDANTS ESTATE OF PAUL SAUGET AND DIANE HACKETT, NOT PERSONALLY BUT ONLY IN HER CAPACITY AS THE EXECUTOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL SAUGET:

Date: 1/7/08

Signature: *Diane Hackett*

Name: Diane Hackett*
(typed or printed)

*not personally, but only in her capacity as the Executor and personal representative of the Estate of Paul Sauget.

Address: 1655 Devonshire Lane

Lake Forest, IL  60455

Agent authorized to accept service on behalf of the above-named parties:

Name: Alan L. Stefaniak

Title: Attorney at Law

Address: DiMonte & Lizak, LLC

216 West Higgins Road

Park Ridge, IL  60068

(847) 698-9600

(847) 698-9624 (fax)

## Appendix A

### Map of the Site



### Appendix B
### Financial Information

- Financial Statement of Debtor (OBD-500) form dated October 5, 2005

- Paul Sauget federal income tax returns (2003 and 2004)

- Chart listing insurance policies issued to Industrial Salvage and Disposal, Inc./Sauget & Company from 1961 through 1991

- List of policy numbers for insurance policies issued to Sauget & Company, *et al.*, with policies and face sheets attached

- October 18, 2005 e-mail from Jeffrey S. McDonald to Frederick S. Mueller

- Proof of claim filed on behalf of Paul Sauget against The Home Insurance Company

- Insurance policies issued to Sauget & Company, *et al.*

- Letter of Jeffrey S. McDonald to Frederick S. Mueller dated November 8, 2006

- Financial Statement of Debtor (OBD-500) form dated November 8, 2006

- Property tax bill related to 3.61 acres Bracketts Ortance subdivision, Carondolet Road, Carondelet, IL

- HUD-1 settlement statements related to 1438 Queeny Avenue, Cahokia, IL; 1469 Queeny Avenue, Sauget, IL; 1435 Nickell Avenue, Sauget, IL

- Estate of Paul Sauget federal and state income tax returns (2005)

- Letter of Jeffrey S. McDonald to Frederick S. Mueller dated December 27, 2006

- Letter of Jeffrey S. McDonald to Frederick S. Mueller dated March 16, 2007

- Two attachments summarizing financial transactions related to the Estate of Paul Sauget

- Letter of Jeffrey S. McDonald to Frederick S. Mueller dated April 10, 2007